1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    MARY HELEN BERNSTEIN, et al.,              Case No.  20-cv-02983-JSC

8              Plaintiffs,
                                                **SCREENING ORDER**
9         v.

10   UNITED STATES DEPARTMENT OF
     HOUSING & URBAN DEVELOPMENT,
11   et al.,

12            Defendants.

13        Plaintiffs Mary Helen Bernstein and Elizabeth Grace Tigano, who are proceeding without

14   an attorney, filed this discrimination action against the United States Department of Housing and

15   Urban Development, the California Department of Fair Employment and Housing, and several

16   individual defendants.  The Court previously granted Plaintiffs leave to proceed *in forma pauperis*

17   and reserved review of Plaintiffs' complaint under 28 U.S.C. § 1915.  (Dkt. No. 12.)  Plaintiffs

18   thereafter requested leave to file an amended complaint prior to the Court's 1915 review, which

19   the Court granted.  (Dkt. No. 14.)  Plaintiffs subsequently filed the now operative First Amended

20   Complaint.  (Dkt. No. 37.)  Having reviewed the complaint pursuant to Section 1915, the Court

21   concludes that it is deficient for the reasons stated below.

22                    **FIRST AMENDED COMPLAINT ALLEGATIONS**

23        Plaintiffs Mary Bernstein and Elizabeth Tigano are sisters.  Ms. Bernstein lives in

24   Fremont, California while Ms. Tigano lives in Tucson, Arizona.  (First Amended Complaint

25   ("FAC"), Dkt. No. 37 at ¶ 7.)  They bring claims for "quid pro quo and hostile environment

26   harassment and liability for discriminatory housing practices" against the United States

27   Department of Housing and Urban Development ("HUD"), the California Department of Fair

28   Employment and Housing, and 11 individual defendants who are employees of these two

United States District Court
Northern District of California

1  agencies.  (*Id*. at ¶¶ 4, 8-20.)

2  At the root of Plaintiffs' claims are their allegations of ongoing harassment and abuse by

3  the other residents of their multi-resident housing complexes.  With respect to Ms. Bernstein's

4  housing complex, Plaintiffs allege that the other residents engage in a constant campaign of

5  harassment and that Ms. Bernstein's upstairs neighbor "terrorizes" both sisters by "constant

6  dropping of weights, furniture night and day" while they are on video calls.  (*Id*. at ¶¶ 38-41.)

7  Plaintiffs have filed 9 civil harassment restraining orders as well as complaints with HUD

8  regarding these issues.  (*Id*. at ¶¶ 37, 42-43.)  The FAC details the communications Plaintiffs had

9  with HUD regarding their complaints, including through screenshots, and copies of many of these

10  communications have been separately docketed. (*Id*. at ¶¶ 48-66; Dkt. Nos. 33-35.) At some point,

11  it appears that HUD transferred the investigation to the California Department of Fair

12  Employment and Housing. (FAC at ¶ 48.)  Plaintiffs allege that because of HUD and the

13  California Department of Fair Employment and Housing's "failure to intervene, protect or assist,"

14  Plaintiffs had to file multiple restraining orders.  (*Id*. at ¶ 66.)

15  At page 56 of the FAC, Plaintiffs include allegations regarding harassment of Ms. Tigano

16  at the Mission Vista Apartments in Tucson.  (*Id*. at ¶ 68.)  The harassment is described as

17
18
19
20
> Constantly watching, surveying me, threatening me, defaming me, stalking following me to the store, harassing me, criticisms about my weight, my clothing, accusing me of being prostitute, pretentious, aloof. Tresspassing [sic] on property, prowling, tipping over chairs, threatening with assault. They say that they hate me so much that they want me to kill myself.

(*Id*. at ¶ 69.) Although Ms. Tigano filed a complaint with HUD regarding the harassment, it was

21  immediately dismissed. (*Id*. at ¶ 71.)

22  Plaintiffs plead 36 claims for relief which include discrimination based on race, religion

23  and disability, as well as claims of negligent infliction of emotional distress, and claims that are

24  not tethered to a particular legal basis.  (FAC at pgs. 67-113.)  The FAC concludes with over 40

25  pages of photos, screenshots, PowerPoint Slides, summaries of other cases, and summaries of

26  news articles.  (*Id*. at pgs. 113-166.)

27  //

28

United States District Court
Northern District of California

<div style="float:left">United States District Court<br>Northern District of California</div>

**LEGAL STANDARD**

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint without being represented by a lawyer, the court must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, self-represented plaintiffs proceeding in forma pauperis must be given leave "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

**DISCUSSION**

"While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of

United States District Court
Northern District of California

1    Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3

2    (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir.

3    1982)).

4          Plaintiffs' complaint does not comply with Rule 8.  The FAC itself is 177 pages and

5    Plaintiffs have separately filed more than two dozen documents—some of which are labeled as

6    exhibits—and which themselves total more than 700 pages.  (Dkt. Nos. 18-23; 25-35; 48-58.)

7    From these nearly 1000 pages of filings, it is impossible for the Court to discern the specific

8    factual and legal basis of Plaintiffs' claims.  Plaintiffs' lengthy narrative summarizing their

9    communications with HUD and the California Department of Fair Employment and Housing fail

10   to provide a short and plain statement of the factual basis for their claims. *See Nevijel v. N. Coast*

11   *Life Ins. Co*., 651 F.2d 671, 674 (9th Cir. 1981) (dismissing a 48-page complaint with 23-pages of

12   addenda under Rule 8 as "verbose, confusing and almost entirely conclusory."). Further, they

13   neither identify which defendants are sued on which of their 36 claims or the actual legal basis for

14   the majority of their legal claims.  *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996)

15   (affirming dismissal of complaint which contained "argumentative and prolix allegations" and

16   failed to identify "what constitutional torts [defendants] were accused [of]").

17         For example, Plaintiffs appear to plead claims for race and religious discrimination under

18   42 U.S.C. § 1981. (FAC at ¶¶ 77-94.)  To state a claim under § 1981, a plaintiff must allege facts

19   demonstrating (1) that she is a member of a racial minority; (2) the defendant's intent to

20   discriminate on the basis of race; and (3) that the discrimination concerned one or more of the

21   activities enumerated in the statute.  *See Lenk v. Sacks, Ricketts, and Case LLP*, No. 19-cv-03791-

22   BLF, 2020 WL 2793480, at *4 (N.D. Cal. May 29, 2020); *see also Comcast Corp. v. National*

23   *Assn. of Africa American-Owned Media*, 140 S.Ct. 1009, 1019 (2020) ("a plaintiff must initially

24   plead and ultimately prove that, but for race, it would not have suffered the loss of a legally

25   protected right.").  Plaintiffs, who allege that they are white women, have not pled a colorable

26   claim under Section 1981. (FAC at ¶ 82.)  In addition, Section 1981 does not cover claims of

27   religious discrimination.

28         Likewise, to the extent that Plaintiffs seek to plead a negligent infliction of emotional

4

1    distress claim, Plaintiffs must plausibly allege "(1) serious emotional distress, (2) actually and

2    proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the

3    conduct would cause such distress." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004).

4    While Plaintiffs allege that they have encountered harassment, discrimination, and emotional

5    distress at the hands of the other residents of their housing complexes, they have not shown how

6    the defendants actually or proximately caused that emotional distress.

7         In sum, the lengthy and confusing FAC fails to give "fair notice" of the alleged wrongs

8    "and state the elements of the claim[s] plainly and succinctly." *Pickard v. WMC Mortgage Corp.*,

9    2009 WL 3416134, *3 (E.D. Cal. Oct. 21, 2009) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d

10   646, 649 (9th Cir. 1984)).

## CONCLUSION

12        For the reasons set forth above, Plaintiffs' FAC fails section 1915 review.  Plaintiffs may

13   file an amended complaint **within 60 days**.  Any amended complaint must clearly and succinctly

14   (1) summarize Plaintiffs' factual allegations; (2) identify the legal basis for their claims; and (3)

15   identify which Defendants are named for which claims.  If Plaintiffs do not respond to this Order

16   or if their amended complaint fails to state a claim, the Court may prepare a report and

17   recommendation recommending that a district judge dismiss the complaint.

18        The Court encourages Plaintiffs to seek free assistance from the Northern District's Legal

19   Help Center.  Due to ongoing COVID concerns, Plaintiffs can make an appointment for a

20   telephone appointment by calling (415) 792-8982.

21

22        **IT IS SO ORDERED.**

23   Dated: January 13, 2021

24

25

26                                               JACQUELINE SCOTT CORLEY
                                                 United States Magistrate Judge
27

28

United States District Court
Northern District of California

5