UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HELEN BERNSTEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et al.,<br><br>Defendants. | Case No. 20-cv-02983-JSC<br><br>**ORDER RE: PLAINTIFFS' OBJECTIONS TO ORDER DENYING MOTION FOR A STAY; MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 85, 86, 87 |

Plaintiffs Mary Helen Bernstein and Elizabeth Grace Tigano, who are proceeding without an attorney and in forma pauperis, filed this discrimination action against the United States Department of Housing and Urban Development, the California Department of Fair Employment and Housing, and several individual defendants employed by these agencies. Since the action was filed in April 2020, Plaintiffs have sought, and in large part obtained, multiple extensions of time to file amended complaints.

On May 27, 2021, the Court denied Plaintiffs' request to stay proceedings for nearly a year—until March 2022, but sua sponte granted Plaintiffs an extension of time to file an amended complaint. (Dkt. No. 84.) Plaintiffs immediately responded by filing "objections," a letter, and a motion for appointment of counsel. (Dkt. Nos. 85, 86, 87.) Among other things, Plaintiffs objected to the Court denying their motion for a stay without waiting for them to submit their administrative motion to seal which would reveal the basis for their request for a stay. After nearly a month had passed and Plaintiffs' administrative motion to seal had not been filed, the Court issued a further order advising Plaintiff that they had until July 2, 2021 to electronically file any administrative motion(s) to seal in support of their request for a stay or motion for

appointment of counsel. (Dkt. No. 90.) Plaintiffs have not submitted any further filings. The Court thus addresses Plaintiffs' pending filings.

**1. Motion for Appointment of Counsel**

[T]he appointment of counsel in a civil case is ... a privilege and not a right." *Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (stating that "[g]enerally a person has no right to counsel in civil actions"). The Court "may under exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). To determine whether "exceptional circumstances" are present, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). As noted in the Court's 1915 Screening Order No. 2, Plaintiffs have not demonstrated a likelihood of success on the merits, nor have Plaintiffs demonstrated that their failure to do so is the result of either their difficulty articulating claims as litigants unrepresented by an attorney or the complexity of the legal issues involved. (Dkt. No. 81.) To the extent that Plaintiffs allege that they have communication disabilities, the Court has granted them multiple extensions of time to prepare their pleadings in an effort to accommodate Plaintiffs.[1] (Dkt. No. 84 (detailing extensions).) In addition, Plaintiffs have consulted and may continue to consult the Legal Help Desk for free legal assistance regarding their claims.

The motion for appointment of counsel is denied. (Dkt. No. 86.)

**2. Objection to Denial of Motion to Stay**

Plaintiffs filed an "objection" to the Court's Order denying their further motion for a stay which stated that the Order prematurely denied the motion because Plaintiffs had not yet filed their forthcoming administrative motion to seal which would detail the basis for their request for a stay. (Dkt. No. 85; *see also* Dkt. No. 87.) Plaintiffs have not filed their administrative motion to seal or

---

[1] Plaintiffs' motion for appointment of counsel is heavily redacted. (Dkt. No. 86.) As noted above, Plaintiffs have not submitted an administrative motion to seal or an unredacted version of this document.

2

otherwise communicated with the Court.

As previously noted, while the Court is sympathetic to Plaintiffs' personal situations and has attempted to accommodate Plaintiffs' disabilities through multiple extensions of time and referrals to the Legal Help Desk, the Court cannot stay this proceeding for a year. (Dkt. No. 84.) Plaintiffs have been granted multiple opportunities to plead proper claim(s) for relief against the ever-widening circle of defendants here (one of whom has appeared and moved to dismiss). The Court must manage its docket, ensure expeditious resolution of litigation, and ensure defendants are not prejudiced by lengthy delays. *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) (district court has broad discretion to manage its docket).

Accordingly, **Plaintiffs' response to Screening Order No. 2 remains due July 26, 2021.**

**IT IS SO ORDERED.**

Dated: July 6, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge