UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HELEN BERNSTEIN, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et al.,<br><br>            Defendants. | Case No.  20-cv-02983-WHO<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 95, 98, 102 |

On August 16, 2021, Magistrate Judge Jacqueline Scott Corley issued a Report and Recommendation, recommending the court dismiss this case without leave to amend for failure to state a claim.  Dkt. 99.  Plaintiff Mary Bernstein filed an objection on August, 21, 2021, contesting the Report and Recommendation on the specific grounds that: (1) "exceptional circumstances" existed warranting the appointment of counsel; (2) judicial immunity did not bar claims brought under the Americans with Disabilities Act ("ADA"); and (3) plaintiffs were not prohibited from bringing an ADA claim against the United States Department of Housing and Urban Development ("HUD") and the California Department of Fair Employment and Housing ("DFEH").  Obj. to R. & R. [Dkt. 102] 30, 32, 35.

Having reviewed the record in this case, I agree with Judge Corley's Report and Recommendation and adopt it in full.  My responses to Bernstein's objections are as follows:

First, Bernstein argues that she and her co-plaintiff, Elizabeth Tigano, should be appointed counsel. *See id*. at 30.  She notes in part that: "Plaintiffs have explained they do not know how to write any different or clearer than they have.  Magistrate states plaintiffs do not need counsel but

United States District Court
Northern District of California

then criticizes the writing of claims which plaintiffs do not fully comprehend."[1]  *Id*.  Judge Corley denied Bernstein's first motion for appointment of counsel because the plaintiffs "had not demonstrated a likelihood of success on the merits, nor . . . demonstrated that their failure to do so was the result of either their difficulty articulating claims as litigants unrepresented by an attorney or the complexity of the legal issues involved."  R. & R. [Dkt. 99] 11.  Judge Corley denied the second motion for the same reasons, additionally finding that the plaintiffs' "numerous filings demonstrate that they [are] capable of conducting legal research, presenting claims and arguments in writing, and understanding legal issues."  *Id*.

The court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  When determining whether such circumstances exist, the court must "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Here, the primary issue is that Bernstein and Tigano have failed to state a claim for which relief may be granted.  I too am sympathetic to the plaintiffs' personal circumstances, along with the inherent challenges of navigating the legal system without a lawyer. The plaintiffs, however, have had ample time, direction, and opportunity to address the issues in their complaint.  Judge Corley gave them three chances to amend their complaint, along with multiple filing extensions.[2]  *See* Dkt. 37, 77, 98.  Her screening orders identified specific shortcomings to address.  *See, e.g.*, Screening Order No. 2 [Dkt. 81] 9.  She also recommended that the plaintiffs consult the Legal Help Center for free assistance, which they did.  *Id.*; Obj. to R.

---

[1] This comment was included on an annotated screenshot of Judge Corley's Report and Recommendation, which Bernstein embedded in her objection.

[2] In her opposition to the Report and Recommendation, Bernstein requests another stay of this case.  *Id*. at 47.  The plaintiffs have already received multiple filing extensions totaling six months. *See* Order Denying Motion to Stay [Dkt. 84] (detailing various extensions).  I agree with Judge Corley's rationale in denying prior motions to stay: "The Court must manage its docket, ensure expeditious resolution of litigation, and ensure defendants are not prejudiced by lengthy delays." Dkt. 91 at 3.  Issuing a stay jeopardizes all three.

United States District Court
Northern District of California

& R. at 14 (referencing work with two attorneys).  The plaintiffs' claims fail not because of an inability to articulate them.  They fail because the plaintiffs have not alleged a cognizable claim for relief under the applicable law.

Next, Bernstein alleges that her ADA claim against Alameda County Superior Court judges is not barred by judicial immunity.  Obj. to R. & R. at 32-35.  Bernstein focuses her objection on the right to counsel, which she argues is a reasonable accommodation that constitutes an administrative act rather than a judicial one.  *Id.*  Judge Corley found that Judge Herbert, the judge who denied Bernstein's request for appointment of counsel, was exercising "normal judicial functions for which he is entitled to judicial immunity."  R. & R. at 9.  I agree with Judge Corley.  In denying Bernstein's request, Judge Herbert was effectively ruling on a motion, which the Ninth Circuit has held is a "normal judicial function" for which judges are entitled to absolute immunity.  *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001).

Finally, Bernstein argues that Judge Corley erred by finding that the plaintiffs did not plead a claim against HUD and DFEH under the ADA.  Obj. to R. & R. at 35-40.  It appears that Bernstein believes the issue was the plaintiffs' race, conflating two of Judge Corley's findings.  *Id.* at 35.  Judge Corley found that Bernstein and Tigano failed to state a claim under 42 U.S.C. § 1981 because plaintiffs pleading § 1981 claims must be members of racial minorities, and Bernstein and Tigano have described themselves as white women.  R. & R. at 5-6.  Their race, however, did not factor into the recommendation regarding the ADA claim against HUD and DFEH.  *Id.* at 10.  Rather, Judge Corley found that the plaintiffs' ADA claim failed because although they allege that HUD and DEFH "ignored their complaints and did not assist them in stopping the harassment at their housing complexes . . . they do not allege that these actions were taken by HUD or DFEH employees *because of* their disabilities."  *Id.*  (emphasis in original).

Judge Corley notified the plaintiffs of this issue in her second screening order.  Dkt. 81 at 9.  It appears, however, that Bernstein repeated the same arguments in her third amended complaint, with no additional allegations that HUD or DFEH acted "*because of*" plaintiffs' disabilities.  (*Compare* Dkt. No. 77 *with* Dkt. No. 98).  Bernstein also notes that

United States District Court
Northern District of California

1   "[p]laintiffs do not know how to articulate any better."[3]  Obj. to R. & R. at 43.  Again, the

2   plaintiffs had multiple opportunities to add any allegations to the complaint that would sufficiently

3   plead a claim under the ADA.  Because they did not do so, I agree with Judge Corley and find that

4   the plaintiffs have failed to state a claim for which relief can be granted.

5     Accordingly, this action is DISMISSED without leave to amend.

6     **IT IS SO ORDERED.**

7   Dated: October 1, 2021



8

9   WILLIAM H. ORRICK
 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California